UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TYANNE DAVENPORT** | * | **CIVIL ACTION NO.:** |
| | * | |
| **v.** | * | **JUDGE:** |
| | * | |
| **EDWARD D. JONES & CO., L.P.** | * | **MAGISTRATE:** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

## JURY TRIAL REQUESTED

COMES NOW TyAnne Davenport, by and through the undersigned counsel, and brings her Complaint against Edward D. Jones & Co., L.P.

## INTRODUCTION

This case concerns violations of the Civil Rights Act of 1964, 42. U.S.C. § 2000e-1 *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and violations of Louisiana law.

## PARTIES

1. Plaintiff, TyAnne Davenport, is an adult resident citizen of Metairie, Jefferson Parish, Louisiana.

2. Edward D. Jones & Co., L.P. is a Missouri partnership with a principal place of business at 12555 Manchester Road, St. Louis, Missouri 63131. Edward D. Jones & Co., L.P. may be served by delivering a copy of the summons and complaint to CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

**FACTS**

3. Ms. Davenport was employed by Edward Jones at the office of Brenden E. Coyne in Metairie, Louisiana from October 13, 2014 to October 28, 2015.

4. Brenden Coyne, Ms. Davenport's supervisor, engaged in *quid pro quo* sexual harassment of Ms. Davenport.

5. Mr. Coyne conditioned Ms. Davenport's job on having a relationship with a potential client.

6. At the end of 2014, Coyne evaluated Davenport as "exceeds expectations."

7. On December 17, 2014, after Ms. Davenport told an in-house trainer that she had time to help the trainer, Coyne told her never to let anyone think she did not have work to do.

8. Coyne explained that the reason he did give Ms. Davenport work because she was a "fuck-up" which incident caused Coyne's spouse to visit Ms. Davenport to ask whether Ms. Davenport intended to report the incident to Human Resources.

9. On May 5, 2015, based on a trivial event, Coyne told Ms. Davenport, "Don't ever make me look like a dick in front of a customer."

10. Coyne was generally cold and serious to Ms. Davenport.

11. A current client indicated his brother would be interested in dating Ms. Davenport. On at least three occasions, Mr. Coyne told Ms. Davenport, "If you go out with him, we could get the account."

12. When the client and his brother were in the office and the brother was depositing an $80,000 check into another broker's account, Coyne stated, "If you bring your account here, we can bring out the nudie pictures of TyAnne."

13. Even though Coyne apologized for this remark, he began retaliating against Ms. Davenport for failing to date the potential client.

14. Ms. Davenport took a medical leave of absence and reported this incident to Edward Jones.

15. Human Resources refused to allow Ms. Davenport to move to another office, so Ms. Davenport was constructively discharged.

## ADMINISTRATIVE PROCEDURES

16. Ms. Davenport filed a charge of discrimination with the Equal Employment Opportunity Commission on November 4, 2015, within 300 days of the acts described above. This charge is attached as Exhibit A.

17. Ms. Davenport received a Notice of Right-to-Sue from the Equal Employment Opportunity Commission dated April 25, 2016. This action has been filed within 90 days of Ms. Davenport's receipt of the Right-to-Sue.

18. Ms. Davenport has met all administrative prerequisites to filing suit.

## CAUSES OF ACTION

### COUNT I

### SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. § 2000e-2

19. The following allegations are incorporated herein as if fully reproduced.

20. Brenden Coyne was a supervisor with successively higher authority over Ms. Davenport.

21. Ms. Davenport suffered a tangible employment action because of her refusal to submit to Coyne's demand that she date a client.

22. Edward D. Jones & Co., L.P. is liable for Brenden Coyne's sexual harassment of Ms. Davenport.

## COUNT II

**VIOLATION OF LOUISIANA EMPLOYMENT DISCRIMINATION LAW, LA. R.S. § 23:332**

23. The foregoing allegations are incorporated herein as if fully reproduced.

24. Brenden Coyne's sexual harassment gives rise to a cause of action pursuant to La. R.S. § 23:332.  Edward D. Jones & Co., L.P. is liable for Coyne's sexual harassment.

## COUNT III

**INVASION OF PRIVACY**

25. The foregoing allegations are incorporated herein as if fully reproduced.

26. Coyne's conduct was unreasonable and seriously interfered with Ms. Davenport's privacy interest.  Coyne's conduct intruded into Ms. Davenport's physical seclusion and solitude.

27. Edward D. Jones & Co., L.P. is vicariously liable for Coyne's conduct.

## COUNT IV

**DEFAMATION**

28. The foregoing allegations are incorporated herein as if fully reproduced.

29. Coyne, with fault, published a false statement with defamatory words which caused Ms. Davenport's damages.

30. Edward D. Jones & Co., L.P. is vicariously liable for Coyne's conduct.

### PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks the following relief:

a. Back pay;

b. Reinstatement, or in lieu of reinstatement, front pay;

c.  Compensatory damages, medical expenses including future pecuniary damages, and damages for emotional distress;

d.  Equitable relief, including future lost wages and benefits;

e.  Punitive damages pursuant to 42 U.S.C. § 1981a;

f.  Attorneys' fees pursuant to 42 U.S.C. § 1988 and La. R.S. § 23:967;

g.  Any other relief to which Plaintiff is entitled.

Respectfully submitted,

**ROBEIN, URANN,
SPENCER, PICARD & CANGEMI, A.P.L.C.**


*s/Christina L. Carroll*
**Christina L. Carroll (Bar No. 29789)**
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Telephone: (504) 885-9994
Facsimile: (504) 885-9969
Email: ccarroll@ruspclaw.com
*Attorney for Plaintiff*

F:\APPS\WP51\CLIENTS\_Davenport_TyAnne_21557_0001\Pleadings\Complaint.docx

5